**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gabriel Valencia,<br><br>Defendant. | No. CR-25-02676-001-TUC-SHR (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Defendant Gabriel Valencia's combined Motion to Dismiss Indictment and for Bill of Particulars. (Doc. 34.) The Government filed a Response to Defendant's combined Motion to Dismiss. (Doc. 43.) Pursuant to LRCrim 5.1, this matter was referred to Magistrate Judge Bruce G. Macdonald for an evidentiary hearing and a report and recommendation. (*See* Doc. 17 at 1.) The Magistrate Judge recommends that the District Judge, after his independent review, deny Defendant's combined motion.

## PROCEDURAL HISTORY

On June 4, 2025, Gabriel Valencia was charged by Indictment with one felony count of conspiracy to transport and harbor illegal aliens for profit, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(A)(iii) for crimes that occurred "[f]rom a date unknown to on or about November 4, 2020, in the District of Arizona and elsewhere." (Doc. 1 at 1-2.) On January 2, 2026, Valenica filed his combined motion to dismiss and for bill of particulars. (Doc. 34.) On January 22, 2026, the Government filed its response to Defendant's combined motion. (Doc. 43.) Valencia failed to file a reply.

On January 29, 2026, February 12, 2026, and February 24, 2026, the Court conducted hearings on Valencia's combined motion, as well as other pending motions. (*See* Docs. 45, 48, 51.) At the February 24, 2026 motion hearing, the parties declined to present oral argument on Defendant's combined motion and the Government relied on the arguments written in its response. This Report and Recommendation follows.

## DISCUSSION

Valencia brings his combined motion to dismiss and for bill of particulars arguing the Indictment against him should be dismissed because it is barred by the statute of limitations, he suffered prejudicial pre-indictment delay, and the indictment fails to provide adequate notice of the crimes for which he is charged. (Doc. 34 at 2-10.) Valencia argues that if his motion is denied, the Government should provide him with a bill of particulars identifying the names of the alleged transported illegal aliens, the dates at issue for those aliens, and the specific subsections of the "preceding acts" upon which the conspiracy charge is based. (*Id*. at 10.) The Court addresses these arguments in the order raised.

## I.    Indictment Not Barred By Five-Year Statute of Limitations

"A court may dismiss an indictment as barred by the statute of limitations upon a pretrial motion." *United States v. Pac. Gas & Elec. Co.*, 153 F. Supp. 3d 1048, 1051 (N.D. Cal. 2015). In ruling on a motion to dismiss, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *Pac. Gas & Elec. Co.*, 153 F. Supp. 3d at 1051 (quoting *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001)). At this stage, the allegations of the indictment are presumed to be true. *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993).

Valencia argues that the five-year statute of limitations for the charge against him has run before he was indicted. (Doc. 34 at 2-3.) He asks that the Court dismiss the indictment or limit it to conduct occurring on June 2, 2020. (*Id*.) The Court finds that the statute of limitations has not run on the conspiracy charge in the indictment due to the

statute of limitations calculation for ongoing conspiracy charges and the date of the most recent criminal act alleged in the indictment. Valencia's motion to dismiss indictment based on a statute of limitations challenge should therefore be denied.

18 U.S.C. § 3282(a) provides that a five-year statute of limitations applies to non-capital offenses. "Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990). The statute of limitations does not commence until the end of a criminal conspiracy. *Flintkote Co. v. United States*, 7 F.3d 870, 873 (9th Cir. 1993). As long as some part of the conspiracy continued into the five-year period preceding the indictment, the statute of limitations does not insulate the defendant from criminal liability for actions taken more than five years prior to the time of indictment. *Id.*

On June 4, 2025, the grand jury returned the Indictment at issue. (*See* Doc. 1.) The Indictment does not violate the five-year statute of limitations because the statute of limitations does not begin until the end of the alleged conspiracy. The Indictment provides that the conspiracy to transport and harbor illegal aliens for which Valencia is charged ended "on or about November 4, 2020." (Doc. 1 at 1.) As such, the Government had until November 4, 2025, to charge Valencia with the conspiracy offense. The June 4, 2025, return of the Indictment is more than sufficient time to meet this requirement. The motion to dismiss indictment on statute-of-limitations grounds should therefore be denied.

## II.    No Due Process Violation for Pre-indictment Delay

Generally, the statute of limitations for a particular crime limits the Government's delay in bringing an indictment and protects the defendant from the effects of excessive delay. *United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998). However, delay violating a defendant's Fifth Amendment due process rights requires dismissal of the charges even if the statute of limitations has not expired. *Id.* The United States Court of Appeals for the Ninth Circuit applies a two-prong test to determine if preindictment delay has violated a defendant's due process rights. *Id.* Under the first prong, the defendant must prove that he suffered "actual, non-speculative prejudice from the delay." *United States v. Sherlock*,

9623 F.2d 1349, 1353 (9th Cir. 1989). To establish actual prejudice from the delay, the defendant must provide "definite, non-speculative proof" that demonstrates "how the loss of a witness and/or evidence is prejudicial to his case." *Id*. at 1354. The burden of showing actual prejudice is rarely met. *Id*. If the defendant fails to establish actual prejudice, the court need not address the second prong of the due process test. *Doe*, 149 F.3d at 949.

Valencia argues that he suffered actual prejudice and an impaired ability to defend himself due to the Government's delay in filing the Indictment in a timely manner. (Doc. 34 at 4.) Valencia contends that the material witnesses to his alleged crimes are no longer in custody nor in the county. (*Id*.) Valencia also asserts prejudice because he was unable to cross-examine the witnesses at a deposition. (*Id*.) Valencia contends that his co-defendant is also no longer in custody and that his whereabouts are unknown. (*Id*.) Valencia finally contends that the Government's delay in waiting to file the Indictment was a deliberate mechanism to gain an advantage over him. (*Id*. at 5.) Valencia's unsupported speculative allegations about the loss of witnesses or evidence fail to demonstrate actual prejudice for pre-indictment delay, and his argument should be denied. *See United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice."); *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (cleaned up) (instructing that the accused must show "both that lost testimony, witnesses, or evidence meaningfully has impaired his ability to defend himself, and the proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to his case").

### III.    Indictment Provides Sufficient Notice

"An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982). "Two corollary purposes of an indictment are: (1) to ensure that the defendants are being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment." *Id*. "The Government need only allege the 'essential facts

necessary to apprise a defendant of the crime charged,' and not its theory of the case." *United States v. Schmidt*, 947 F.2d 362, 369 (9th Cir. 1991) (quoting *Buckley*, 689 F.2d at 896). "An indictment that tracks the words of the statute violated is generally sufficient," as long as implied, necessary elements, not present in the statutory language, are included in the indictment. *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995)

Valencia argues the Indictment fails to satisfy the notice requirements because: (i) it fails to provide the names of the alleged transported illegal aliens; (ii) it fails to provide dates for when the alleged aliens were present in the United States; (iii) it is so vague and unspecific that it prevents him from preparing his defenses; (iv) it is so vague and unspecific that it prevents him from availing himself of the protection against double jeopardy; and (v) it fails to inform the court of the alleged facts so that it may judge whether those facts are sufficient to support a conviction for the offense charged. (Doc. 34 at 6.) Valencia also argues that the Indictment's citation for the conspiracy charge, 8 U.S.C. § 1324(a)(1)(A)(v)(I), refers to the "preceding acts" but is not specific as to whether it is referring to all four subsections of the offense or just the two subsections cited in the Indictment. (*Id*. at 9.) The Court finds Valencia's arguments unavailing.

The Indictment provides:

COUNT ONE

From a date unknown to on or about November 4, 2020, in the District of Arizona and elsewhere, GABRIEL VALENCIA and [Co-Defendant] did knowingly and intentionally combine, conspire, confederate, and agree together and with various persons known and unknown, to transport and move illegal aliens within the United States by means of transportation or otherwise, and to conceal, harbor and shield from detection said aliens, all in furtherance of such violation of law for the purpose of commercial advantage or private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(l)(A)(v)(I), 1324(a)(l)(A)(ii), 1324(a)(l)(A)(iii) and 1324(a)(l)(B)(i).

(Doc. 1 at 1-2.)

Despite Valencia's arguments to the contrary, the Indictment need not include the names of the alleged transported and concealed illegal aliens or provide the dates for when the aliens were present in the United States. *See United States v. Cochrane*, 985 F.2d 10278, 1031 (9th Cir. 1993) ("An indictment … need not specify the theories or evidence upon which the government will rely.")  The Indictment also sufficiently tracks the words of the violated statutes and includes implied elements not present in the statutory language. Section 1324 provides criminal penalties for "[a]ny person who … engages in any conspiracy to commit any of the preceding acts."  8 U.S.C. § 1324(a)(1)(A)(v)(I).  The preceding acts charged in the Indictment pursuant to 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (iii) describe transporting and harboring an alien within the United States while knowing or being in reckless disregard of the fact that the alien came to, entered, or remains in the country in violation of the law.  The language in the Indictment follows these statutory requirements and properly charges a conspiracy pursuant to 8 U.S.C. § 1324(a)(1)(A)(v)(I). The Indictment identifies the specific acts upon which the conspiracy is based and need not identify acts for which Valencia has not been charged.  *See United States v. Olivas*, No. CR-19-2942, 2021 WL 1669498, at *1 (D. Ariz. Apr. 15, 2021) (ruling § 1324 indictment properly charged conspiracy by including reference to illegal transportation of alien under § 1324(a)(1)(A)(ii) in addition to § 1324(a)(1)(A)(v)(I)).  Valencia's arguments that the Indictment should be dismissed for a lack of notice should therefore be denied.

## IV.    Bill of Particulars Unnecessary

Federal Rule of Criminal Procedure 7(f) provides for a bill of particulars.  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  A bill of particulars has three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes."  *Id*. (cleaned up).  The denial of a motion for a bill of particulars is within the court's discretion, and to the extent that the indictment itself provides details of the

alleged offense, a bill of particulars is unnecessary. *Id*. "Full discovery also obviates the need for a bill of particulars." *Id*.

Valencia requests a bill of particulars identifying the aliens by name, the precise dates at issues for those aliens, and the specific subsections of the "preceding acts" for the conspiracy charge. (Doc. 34 at 10.) The Government asserts that discovery has provided the information Valencia seeks. (Doc. 43 at 7.) It asserts he has been provided with the following initial disclosures: (i) approximately twenty investigative reports; (ii) proof of alienage related to the November 4, 2020 event; (iii) proof of alienage related to the May 7, 2020 event; (iv) proof of alienage related to the April 16, 2020 event; (v) audio files; and (vi) trail camera photos. (*Id*.) The Government further asserts that the disclosed proofs of alienage satisfy Valencia's requests to identify the aliens by name and the precise dates at issue. Additionally, the Court recommended denying Valencia's prior argument that the Indictment include the "preceding acts" for which he is *not* being charged. The Government's disclosures therefore obviate the need for a bill of particulars in this case, and Valencia's request should be denied.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the District Judge, after his independent review, DENY Defendant's combined Motion to Dismiss Indictment and for Bill of Particulars (Doc. 34).  Pursuant to Federal Rule of Criminal Procedure 59, any party may serve and file written objections within 14 days of being served a copy of this Report and Recommendation.  Fed. R. Crim. P. 59(b)(2).  A party may respond to the other party's objections within 14 days.  LRCiv 7.2(c).  No reply shall be filed unless leave is granted by the District Judge.  If objections are filed, the following case number should be used: **CR-25-2676-SHR**.  Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of de novo review.  Fed. R. Crim. P. 59(b)(2).

Dated this 27th day of February, 2026.

Honorable Bruce G. Macdonald
United States Magistrate Judge